### GRAVES v. GRAHAM.

(City Court of New York, General Term. December 12, 1896.)

PROCESS—ACCEPTANCE OF SERVICE—WHEN SET ASIDE.
　　Service of summons will be set aside where defendant is induced to come into and submit to the jurisdiction of the court under an arrangement with plaintiff to try the cause on a day certain, and plaintiff refuses, after service of summons thus secured, to carry out his agreement.

Appeal from trial term.

Action by Thomas Graves against Robert J. Graham for damages by reason of an assault. From an order vacating the service of summons and all proceedings thereunder, plaintiff appeals. Affirmed.

The opinion of Justice McCARTHY at special term is as follows:

Motion to vacate and set aside order of arrest, and to set aside summons and all proceedings thereunder. The plaintiff was a sailor on board the ship W. F. Babcock, which was owned by Arthur Sewall & Co., of Bath, Me., and to which ship they had assigned the defendant as captain, with full and complete charge and control. The plaintiff, on July 8, 1896, obtained an order of arrest against the defendant, claiming damages by reason of an assault committed on him about February 28, 1896, in the Pacific Ocean, near the Sandwich Islands. The defendant was and is a citizen of Philadelphia, state of Pennsylvania. After many efforts to arrest the defendant, negotiations were entered into between the attorneys for both the plaintiff and defendant, by which the defendant's attorneys, in behalf of their client, agreed to produce and surrender the defendant, and submit to the jurisdiction of the court. The sheriff did not arrest the defendant, but the defendant appeared in court, the sheriff being present, and voluntarily submitted to the jurisdiction, and thereupon gave bail, which was accepted. The issues by consent were arranged, the plaintiff filing and serving a written complaint, and the defendant answering orally, "A general denial." The defendant then asked for a speedy

trial, and that the cause be set down for the next day. The plaintiff demanded a jury trial, to which the defendant objected, on the ground that an agreement had been made to waive same, under and by which alone the defendant agreed to enter and was within the jurisdiction of the court. Pending the discussion the court ordered the cause to be set down for a day certain in October, 1896, to be tried by a jury. The defendant now moves to set aside the order of arrest, and to vacate and set aside the service of summons and all proceedings thereunder, on the ground that the defendant was induced by fraud and deceit to come into and submit to the jurisdiction of this court under an arrangement with the plaintiff to try said cause on a certain day, and the plaintiff to waive a jury trial, in order that the issues could be determined at once, and the defendant enabled to join his ship, which was about to leave for San Francisco, Cal.

From an examination of the papers before me, as well as what occurred between counsel in my presence prior to the appearance of defendant and his submission to the jurisdiction of this court, I am satisfied the defendant was induced to come into and submit to the jurisdiction of the court, and thus save the plaintiff the trouble, delay, and perhaps failure in securing his arrest. I do not mean to charge fraud, but I do mean to say that, but for this arrangement aforesaid, and relying on the same, the defendant would not have come to this city, and voluntarily submit to the jurisdiction of this court and its process. He was a citizen of Philadelphia, Pa., and could not be brought here under an order of arrest issuing out of this court. The plaintiff had tried frequently since July 8, 1896, to reach him, but was unsuccessful. The captain was soon to leave on his ship for another cruise, and there was no necessity for his coming to New York and submitting to an arrest, since some one else could have taken charge until she reached Philadelphia, unless some purpose beneficial to him was to be served. Wyckoff v. Packard, 20 Abb. N. C. 420; Dunham v. Cressy (Sup.) 4 N. Y. Supp. 13; Allen v. Wharton (Sup.) 13 N. Y. Supp. 38. And where a defendant is inveigled into the jurisdiction of the court with the purpose of subjecting him to service of a legal order of arrest, the service may be set aside without vacating the order. See opinion of Pryor, J., in Higgins v. Dewey (Com. Pl.) 14 N. Y. Supp. 894. The order of arrest was duly awarded upon sufficient grounds and by competent authority. It is unchallenged, and the complaint is, not to the order, but to the manner of its service, and the inducing of the defendant to submit to its impress and command, and the jurisdiction of the court. The defendant, by his discharge, will receive complete reparation for his injury. The order of arrest, however, being valid, must stand.

For these reasons the motion to vacate and set aside is granted, so far as the service of the summons and complaint and the arrest of the defendant, and all proceedings thereunder. The defendant is discharged.

Argued before VAN WYCK, C. J., and FITZSIMONS and O'DWYER, JJ.

O. P. Buell and H. E. Lee, for appellant.
Edward K. Jones, for respondent.

O'DWYER, J. After a careful examination of this record we are satisfied that the order of the special term is right, and that the same should be affirmed on the opinion below.

Order affirmed, with costs. All concur.